629 So.2d 435 (1993)
Angela HAYES, Bruce Brouillette, Donald Gauthier, Mark Mathews, Arthur Moses, Jr., Wayne Martin and Silton Metoyer, Plaintiffs/Appellants,
v.
The CITY OF ALEXANDRIA, Defendant/Appellee.
No. 92-1360.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*436 Daniel Elmo Broussard Jr., Alexandria, for Angela Hayes et al.
Charles Freeman Nunnally, III, Alexandria, for City of Alexandria.
Before DOMENGEAUX, C.J., and YELVERTON and THIBODEAUX, JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs are either current or former firefighters for the City of Alexandria. They filed this suit contending that the City improperly reduced their municipal base pay when they began receiving state supplemental pay pursuant to La.R.S. 33:2002. The trial court rejected the plaintiffs' demands, and they have appealed.
The record before us contains no testimony and only one exhibit. The essential facts of the case were established by the City's admission of most of the allegations in the plaintiffs' petition and by joint stipulation of the parties.
The plaintiffs were hired as firefighters for the City of Alexandria between January of 1985 and February of 1986. They allege that they were hired at a wage of $3.04/hour, in violation of the Fair Labor Standards Act. The City admitted this allegation in its answer.
The petition also alleges that five of the seven plaintiffs filed suit in federal court for unpaid minimum wage compensation, liquidated damages and attorney's fees and that the federal litigation ended in a consent order in the plaintiffs' favor, which the City paid. The petition further alleges that the City paid back wages due under the FLSA to the two plaintiffs who were not parties to the federal suit. The amounts paid by the City to all plaintiffs were alleged to be the difference between $3.04/hour, the plaintiffs' starting base salary and $3.35/hour, the minimum wage prescribed by the FLSA. These allegations were also admitted by the City.
Between June of 1985 and June of 1986, the plaintiffs began receiving state supplemental pay pursuant to La.R.S. 33:2002, in addition to their municipal pay. All parties agreed that the City continued to pay the plaintiffs $3.04/hour after the plaintiffs began receiving their state supplemental pay. The plaintiffs contend that the outcome of the federal litigation and the payments made by the City had the effect of raising their municipal base pay to $3.35/hour, the prevailing minimum wage at the time they were hired. They filed the instant suit to recover the difference between the wages actually paid by the City and $3.35/hour, from the date each plaintiff began receiving state supplemental pay.
Legislative authorization of state supplemental payments to municipal firefighters is found in La.R.S. 33:2002, et seq. La.R.S. 33:2002 has been amended several times since its enactment in 1963, but it has always provided that state supplemental pay is to be paid "in addition to the compensation now paid" by any municipality, parish or fire protection district. La.R.S. 33:2005 provides that any salary adjustments to the city supplemental pay program shall not have the effect of reducing or replacing any base salary or benefits paid by the local governing authority from any other revenue sources.
These two statutes were discussed in a recent opinion by the Attorney General's Office. When asked whether a municipality can use the supplemental pay of firemen and policemen to bring their salaries up to the base pay for other city employees, the Attorney General's Office replied:
To the question of whether state supplemental pay for fire and police personnel may be used as a substitute for a portion of the employee's base pay, the answer is negative. State law expressly forbids this practice by municipalities. LSA-R.S. 33:2005 prohibits such use of supplemental pay for firefighters; LSA-R.S. 33:2218.5 prohibits the same practice with regard to police officers.
The legislative intent for supplemental pay is to provide additional, rather than substitute, compensation for these public servants in order to enhance the excellence of the rank and file firefighters and policemen in municipal service. It is intended to be a direct benefit to the public servants *437 themselves, rather than a means of fiscal relief for the municipality.
Attorney General Opinion Number 90-574.
When asked to reconsider the same question, the Attorney General's Office reiterated its original opinion and stated:
The substantive harm the statutes prohibit is the reduction of base pay from the city by the inclusion of supplemental pay. Supplemental pay is intended to be exactly what its name sayssupplemental, an additional benefit for the firemen and policemen themselves.
Attorney General Opinion Number 90-574A.
Although the Attorney General's opinion is not binding, we agree with its result and further find that it provides guidance in this case. The plaintiffs have established to our satisfaction that they were entitled to a starting salary of $3.35 an hour.[1] Under La.R.S. 33:2002 and 2005, the state may not reduce the firefighters' base pay solely because of the state supplemental payments. The Attorney General's opinion provides an example of how municipalities may not rely upon state supplemental payments to meet its obligation to firefighters and policemen. We view the City's continuation of the plaintiffs' base pay at $3.04/hour, after actual payment to the plaintiffs of a higher rate of pay, to be a reduction prohibited by La.R.S. 33:2005. For these reasons, we find the plaintiffs are entitled to the relief prayed for.
By joint stipulation, the parties agreed to sever the question of liability and damages. We will therefore remand the case to the district court for determination of the monetary award for each plaintiff.
The judgment of the trial court is therefore reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed to defendant/appellee, the City of Alexandria.
REVERSED AND REMANDED.
NOTES
[1] In its reasons for judgment, the trial court suggested that the plaintiffs were not covered by the FLSA at the time they were hired. However, we need not reach this question because of the City's admissions in its answer and the joint stipulation in the record that the City paid the plaintiffs the difference between their actual base pay and the minimum wage at that time.