Dear Mr. Eschete:
This office is in receipt of your request for an opinion of the Attorney General as to whether or not the City of Thibodaux must include state supplemental pay in compensation paid to a police officer for accrued annual leave and sick leave upon the termination of a police officer's employment with the city.
LSA-R.S. 33:2218.2 provides that the state is to pay a supplemental monthly compensation to municipal police officers. Pertinent to your inquiry is the following law:
 A. In addition to the compensation now paid by any municipality included in this Subpart or by the Chitimacha Tribe of Louisiana, hereinafter referred to as "tribe or tribal", to any police officer, every police officer employed by any municipality or tribe which employs one or more police officers who devotes his full working time to law enforcement, and for those hired after March 31, 1986, who have completed and passed a council certified training program as provided in R. S. 40:2405, shall be paid by the state extra compensation in the amount of two hundred seventy-eight dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service.
LSA-R.S. 33:2218.4 governs disbursement of state supplemental pay for police officers, and pertinently provides:
§ 2218.4 Disbursement of funds
 A. The funds appropriated and dedicated as herein provided shall be disbursed upon warrants drawn by the mayors of the respective municipalities coming under the provisions of this Sub-part, which warrants shall have attached to them a detailed list of the names of the officers for whose benefit any particular warrant is drawn, together with the completed years of service of such officers and such other information as the Director of the State Department of Public Safety may require.
* * * * *
 D. The additional compensation paid by the state to municipal police officers as herein provided shall be included in the calculation and computation of the total wages paid to the municipal police officer in the determination of employer contributions to any retirement system or pension fund of which the police officer may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the police officer under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the police officer might be entitled. (Emphasis added).
Based upon the foregoing, we conclude that the city must include state supplemental pay for the calculation of accrued annual and sick leave to which the police officer may be entitled upon the termination of employment with the City.
For your further information, note recently released Attorney General Opinion 97-203, a courtesy copy of which is enclosed, wherein the author concluded:
 The final question to be answered is whether the state supplemental pay is included in calculating the minimum wage requirements under federal law, and this office has previously concluded that the supplemental pay for police officers and firefighters must be in addition to the base pay owed by the local governing authority. Attorney General Opinions 90-574, 90-574A. These opinions were referred to by the court in Hayes v. City of Alexandria, 629 So.2d 435 (La.App. 3rd Cir. 1993) in holding, "The legislative intent for supplemental pay is to provide additional, rather than substitute, compensation for these public servants in order to enhance the excellence of the rank and file firefighters and policemen in municipal service. It is intended to be a direct benefit to the public servants themselves, rather than a means of fiscal relief for the municipality." See Attorney General Opinion 97-203 at page 3.
Finally, note that the Louisiana constitution grants to the legislature the plenary power to legislate minimum wages, hours, and vacation and sick leave benefits for firemen and municipal policemen within LSA-Const. Art 6 § 14 (1974) providing:
§ 14. Increasing Financial Burden of Political Subdivisions
 Section 14. (A) No law or state executive order, rule, or regulation requiring increased expenditures for any purpose shall become effective within a political subdivision until approved by ordinance enacted, or resolution adopted, by the governing authority of the affected political subdivision or until, and only as long as, the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided, or until a law provides for a local source of revenue within the political subdivision for the purpose and the affected political subdivision is authorized by ordinance or resolution to levy and collect such revenue and only to the extent and amount of such revenue. This Section shall not apply to a school board.
(B) This section shall not apply to:
* * * * *
 (5) A law providing for civil service, minimum wages, hours, working conditions, and pension and retirement benefits, or vacation or sick leave benefits for firemen and municipal policemen. (Emphasis added).
The legislature has expressed its intent within LSA-R.S.33:2218.4(D) concerning the obligation of the municipality to include state supplemental pay within the calculation of accrued annual and sick leave. We conclude the City of Thibodeaux must include state supplemental pay in the calculation of these benefits.
Should you have any further questions, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: December 8, 1997
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
State of Louisiana
DEPARTMENT OF JUSTICE
234 LOYOLA — 7th FLOOR
 New Orleans TEL: (504) 568-5575 70112-2096 FAX: (504) 569-5993
RICHARD P. IEYOUB ATTORNEY GENERAL