# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**CA 05-29**
**consolidated with CA 05-30,**
**CA 05-31, CA 05-32, and CA 05-33**

**LARRY M. BAILEY, ET AL.**

**VERSUS**

**CITY OF LAFAYETTE**

************

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, NO. 99-1343 c/w NO. 99-1543,**
**NO. 99-1688, NO. 2000-0526, and NO. 2000-5288**
**HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE**

************

**JAMES T. GENOVESE**
**JUDGE**

************

Court composed of Glenn B. Gremillion, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

George J. Armbruster, III
Richard D. Chappuis, Jr.
1540 West Pinhook Road
Lafayette, Louisiana 70503
COUNSEL FOR APPELLANT:
      City of Lafayette  (Lafayette City-Parish Consolidated Government)

Lawrence C. Billeaud
321 West Main Street, Suite 1-B
Lafayette, Louisiana  70501
COUNSEL FOR PLAINTIFFS/APPELLEES:
      Michael J. Rose, et al.

Daniel M. Landry, III
214 Jefferson Street, Suite 300
P.O. Box 3784
Lafayette, Louisiana  70502
COUNSEL FOR PLAINTIFFS/APPELLEES:
      Larry M. Bailey, et al.

**Charles R. Sonnier**
**Frank W. Summers, II**
**P.O. Drawer 700**
**Abbeville, Louisiana 70511-0700**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**William J. Picard, et al.**

**Stephen H. Meyers**
**P.O. Box 51222**
**Lafayette, Louisiana  70505-1222**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Philip V. Burris, et al.**

**GENOVESE, Judge.**

Defendant, City of Lafayette, now Lafayette City-Parish Consolidated Government ("City"), appeals the judgment of the trial court granting Plaintiffs' motion for partial summary judgment on the issue of liability ruling that the City had violated Louisiana law by reducing its compensation to its police officers and firefighters in proportion to its receipt of state supplemental pay. For the following reasons, we affirm.

## FACTS

Plaintiffs are police officers and firefighters for the City of Lafayette who filed suit seeking a declaratory judgment and recovery of wages alleging that the City improperly reduced their pay proportionate to its receipt of state supplemental pay in violation of La.R.S. 33:2218.5 and 33:2205. The parties filed cross motions for partial summary judgment to decide the issue of liability. The record indicates that all pertinent facts were stipulated and the matter was submitted to the trial court for decision. Hence, there was no genuine issue of material fact. The trial court granted summary judgment in favor of the Plaintiffs and denied Defendant's motion for partial summary judgment. The trial court ruled that the City violated La.R.S. 33:2218.5 and La.R.S. 33:2005 relative to the pay of its police officers and firefighters by reducing the portion the City contributes to each police officer/firefighter by the amount each received in state supplemental pay. The trial court rendered the salary reductions void and ordered the City "to restore to each plaintiff an amount equal to all sums designated as state supplemental pay, from 3 years prior to filing the original suit in these consolidated cases, together with all attendant retirement and fringe benefits, with legal interest on all wages as they became due, until paid, and all costs of these proceedings." The City filed a motion

1

for reconsideration and, in the alternative, a motion for new trial, which were denied. The City appeals.

## LAW AND DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found at La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226. Due to the stipulation of facts by the parties, there was no genuine issue of material fact and the trial court found that the Plaintiffs were entitled to judgment as a matter of law. In a case where there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, as in the case at bar, the proper standard of review is whether or not there has been legal error. *Hatten v. Schwerman Trucking* Co., 04-1005 (La.App. 3 Cir. 12/8/04), 889 So.2d 448, *writ denied*, 05-076 (La. 3/18/05), 896 So.2d 1009 (citing *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645).

The essential facts of this case were established by the City's admission of the

2

main allegations in the Plaintiffs' petition at the summary judgment hearing. At said

hearing, the following was stipulated:

> MR. BILLEAUD: In an effort to resolve that expense and effort on behalf of the City, but to put into the record the issues necessary for resolution of this issue and for review on appeal, it is my understanding that the City will stipulate that each member of the class, as an employee of either the Fire Department or the City [Police] Department or the City Marshall's Office, when each employee began receiving State supplemental, pay, that their corresponding city advance was reduced in an equal amount to the State Supplemental which they began receiving.

> MR. ARMBRUSTER: In accordance with the pay plan, that's correct . . . .

Louisiana Revised Statute 33:2218.5 provides, in pertinent part:

> Any reduction of the salary of any police officer . . . shall be void where it is made solely by reason of any additional compensation by the state in this Subpart. Any appropriation made by the legislature which results in a salary adjustment to the state supplemental pay program under this Subpart shall not have the effect of reducing any base salary or benefits paid by the local governing authority from other sources.

Louisiana Revised Statute 33:2005 prohibits the same practice with regard to

firefighters.

In *Hayes v. City of Alexandria*, 629 So.2d 435 (La.App. 3 Cir. 1993), this court

held that supplemental pay may not be used to reduce base pay. The *Hayes* decision

relied on an opinion by the Attorney General's Office.

> When asked whether a municipality can use the supplemental pay of firemen and policemen to bring their salaries up to the base pay for other city employees, the Attorney General's Office replied:

>> To the question of whether state supplemental pay for fire and police personnel may be used as a substitute for a portion of the employee's base pay, the answer is negative. State law expressly forbids this practice by municipalities. LSA-R.S. 33:2005 prohibits such use of supplemental pay for firefighters; LSA-R.S. 33:2218.5 prohibits the same practice with regard to police officers.

>> The legislative intent for supplemental pay is to provide additional, rather than substitute, compensation for these public servants in order to enhance the excellence of

3

the rank and file firefighters and policemen in municipal service. It is intended to be a direct benefit to the public servants themselves, rather than a means of fiscal relief for the municipality.

Attorney General Opinion Number 90-574.

When asked to reconsider the same question, the Attorney General's Office reiterated its original opinion and stated:

The substantive harm the statutes prohibit is the reduction of base pay from the city by the inclusion of supplemental pay. Supplemental pay is intended to be exactly what its name says--supplemental, an additional benefit for the firemen and policemen themselves.

Attorney General Opinion Number 90-574A.

Although the Attorney General's opinion is not binding, we agree with its result and further find that it provides guidance in this case. The plaintiffs have established to our satisfaction that they were entitled to a starting salary of $3.35 an hour. Under La.R.S. 33:2002 and 2005, the state may not reduce the firefighters' base pay solely because of the state supplemental payments. The Attorney General's opinion provides an example of how municipalities may not rely upon state supplemental payments to meet its obligation to firefighters and policemen. We view the City's continuation of the plaintiffs' base pay at $3.04/hour, after actual payment to the plaintiffs of a higher rate of pay, to be a reduction prohibited by La.R.S. 33:2005. For these reasons, we find the plaintiffs are entitled to the relief prayed for.

*Id*. at 436-37 (footnotes omitted).

The City alleges in its assignment of error that the trial court erred as a matter of law in ruling that the city ordinance violated state statutes. The City argues that the trial court improperly applied the law to the facts of this case and effectively disregarded the words "solely" and "base salary" as set forth in La.R.S. 33:2218.5 and La.R.S. 33:2005. The City relies heavily on the words "solely" and "base salary" contained in the applicable statutes and contends that the trial court disregarded those words by relying on the "net effect" or "end result" of the City's implementation of the ordinance.

The language in both state statutes in question covering the police officers and

4

firefighters is basically the same. In addition to considering the words "solely" and "base salary," there are other pertinent provisions of the statutes to be addressed. In addition to prohibiting the reduction in "base salary," the statutes also prohibit the reduction or replacement of "benefits." Both statutes prohibit "any reduction in salary or benefits." The City argues that reducing the "advance pay" of police officers and firefighters upon receipt of state supplemental pay does not reduce their "base pay" or "salary" and, therefore, is not in violation of the state statutes.

The City's position in this case begs the question: Is "advance pay" to be considered part of the salary or benefits of the police officers or firefighters? If yes, then the reduction of advance pay violates the statute. If not, then what is "advance pay"? If advance pay is not part of the salary, then it has to be considered a benefit. The statutes likewise prohibit "reducing or replacing any base salary or benefits." Either way, regardless of whether it is called "advance pay" or some other term, the ordinance circumvents the statutes and is in violation of state law. The statutes are quite clear and unambiguous. These statutes prohibit the reduction of salary and/or benefits by local governments at the expense of a state supplemental allowance. This court is aware of the history of the ordinance and the equitable considerations of the parties, but the law is the law, and a conflicting ordinance must yield to state statute.

We find no legal error in the trial court's judgment finding the City to be in violation of state law which prohibits the reduction of the base pay and/or benefits of municipal employees.

**CONCLUSION**

For the above reasons, the judgment of the trial court granting the Plaintiffs' motion for partial summary judgment and denying Defendant's motion for partial summary judgment on the issue of liability is affirmed. Costs of this appeal are

5

assessed against the Defendant-Appellant, City of Lafayette (Lafayette City-Parish Consolidated Government).

**AFFIRMED.**

6