STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-189

JOSEPH AGUILLARD, ET AL.

VERSUS

CITY OF LAKE CHARLES

***************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2003-5689
HONORABLE ROBERT L. WYATT

***************
**SYLVIA R. COOKS**
**JUDGE**
***************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

Genovese, J., dissents and assigns written reasons.

**AFFIRMED.**

**Michael K. Cox**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    Joseph Aguillard, et al.

**Lawrence C. Billeaud**
**706 West University Avenue**
**Lafayette, Louisiana 70506**
**(337) 266-2055**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    Joseph Aguillard, et al.

**H. Alston Johnson III**
**Suite 701, City Plaza**
**445 North Blvd.**
**Baton Rouge, Louisiana 70802**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**City of Lake Charles**

**Gregory W. Belfour**
**Post Office Box 1930**
**1135 Lakeshore Drive, 6th Floor**
**Lake Charles, Louisiana 70602**
**(337) 439-8315**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**City of Lake Charles**

**COOKS, Judge.**

## STATEMENT OF THE CASE

The City of Lake Charles (City) appeals the judgment of the trial court granting the firefighters' motion for partial summary judgment on the issue of liability, finding the City violated La.R.S. 33:2005 by reducing their compensation once they began receiving state supplemental pay. For the reasons assigned below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS

The Plaintiffs are firefighters currently and formerly employed by the City of Lake Charles and are members of the Lake Charles Firefighters Association Local 561, AFL-CIO (Union). The City entered into a collective bargaining agreement with the firefighters' Union, the relevant portion of which is contained in Section E of Article XVI, Wages, and provides as follows:

> In addition to the minimum monthly salary now paid by the City of Lake Charles to Firemen of the Lake Charles Fire Department, covered by this contract, the City of Lake Charles agrees to pay a Fireman, after the first full month of employment, a separate monthly payment of ONE HUNDRED SIXTY FIVE AND NO/100 (165.00) DOLLARS per month (or whatever the beginning level of State Supplemental pay shall be) for the period of time the employee receives State Supplemental salary under the provisions of LSA-RS 33:2002, at which time this payment shall be terminated. The City of Lake Charles will pay ONE HUNDRED SIXTY FIVE AND NO/100 $165.00 DOLLARS per month (or whatever the beginning level of State Supplemental pay shall be) for any month after the first full month of employment for which the employee does not receive State Supplemental pay. The parties hereto agree that the purpose of this section is to encourage employees to seek employment with the Lake Charles Fire Department and to remain with the Lake Charles Fire Department. The parties agree that the Union and all employees which it represents, are estopped from claiming additional compensation under the provisions of LSA-RS 33:1992, because of the payment by the City under this section. The parties to this agreement understand and agree that the Union shall join with the City in resisting any action filed by any employee or former employee of the Lake Charles Fire Department claiming additional compensation under the provisions of LSA-RS 33:1992 because of payment by the City under this section, and that the Union shall bear its own share of attorney fees

1

and expenses incurred in defending any such suit, and shall take all legal and reasonable steps to discourage action and defeat any such suit, and knows of no threatened or contemplated action against the City or the Union in that regard.  The parties to this agreement understand if any action is filed by an employee, or former employee, of the Lake Charles Fire Department, payments by the City of Lake Charles hereunder shall terminate immediately, but shall be reinstated if the suit is dismissed, or if the courts rule in favor of the City of Lake Charles.

Article XXI, Severance Provisions provide, in relevant part:

Should any provisions of this agreement be found to be in violation of any Statutory or Constitutional provision, State or Federal or City Charter, by a court of competent jurisdiction, all other provisions of this agreement shall remain in full force and effect for the duration of this agreement.

The Plaintiffs' petition contends "[e]ach and every time a fire fighter receives and/or received an increase in state supplemental pay, defendant decreased and continues to decrease that fire fighter's base pay by a corresponding amount."  The firefighters assert this decrease in salary and benefits by the City violates La.R.S. 33:2005, which provides in relevant part:

Any reduction of the salary of any employee covered by this Subpart, which is in effect on July 1, 1979, whether by the governing authority or by any pay plan under the provisions of any civil service law, or otherwise, shall be void where it is made solely by reason of the additional compensation by the state, provided for in this Subpart.  Any appropriation made by the legislature which results in a salary adjustment to the state supplemental pay program under this Subpart shall not have the effect of reducing or replacing any base salary or benefits paid by the local governing authority from other revenue sources.

A similar issue was recently addressed by this court in *Bailey v. City of Lafayette*, 05-29 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 924, *writs denied*, 05-1054, 1690, 1691, 1692 (La. 1/9/06), 918 So.2d 1054, 1055.  In *Bailey,* police officers and firefighters asserted the City of Lafayette violated La.R.S. 33:2005 "relative to the pay of its police officers and firefighters by reducing the portion the City contributes to each police officer/firefighter by the amount each received in state supplemental

2

pay." *Id.* at 923. The trial court granted summary judgment in favor of the firefighters and this court affirmed finding the advance pay given to firefighters was part of a benefit package and any reduction by the City solely because of state supplemental pay was clearly prohibited. This court held La.R.S. 33:2005 "is intended to be a direct benefit to the public servants themselves, rather than a means of fiscal relief for the municipality."*Id.* at 924, *quoting* Atty. Gen. Opin. No. 90-574.

In the present case, the City of Lake Charles paid its firefighters a minimum monthly salary. After the first full month of employment, the City paid to each firefighter an additional sum equal to the extra compensation required to be paid by the State under La.R.S. 33:2002. The purpose of this payment, as stated in the collective bargaining agreement, is "to encourage employees to seek employment with the Lake Charles Fire Department and to remain with the Lake Charles Fire Department." The contract further provided once the firefighter began receiving state supplemental pay, the separate monthly payment by the City was terminated. We find this extra compensation is clearly a benefit to the firefighter within the contemplation of the statute and discontinuing this benefit upon receipt of state supplemental pay "where it is made solely by reason of the additional compensation by the state" is clearly a violation of the statute and is in direct conflict with our ruling in *Bailey*. La.R.S. 33:2005*; See also Hayes v. City of Alexandria*, 629 So.2d 435 (La.App. 3 Cir. 1993).

However, unlike *Bailey,* in the present case, the Union signed a collective bargaining agreement with the City on behalf of the firefighters. In the agreement the City enticed individuals into employment by offering an additional amount above their base pay, something other municipalities with more limited funds may not be able to do. The City then withdrew the benefit once the state supplemental pay

3

began. Although this actions was in direct violation of the statute, the City relies on the collective bargaining agreement with the Union and asserts the contract prevents the firefighters from claiming a violation under the statute and from seeking relief. The issue presented for our review is whether the City and the Union can agree to a reduction in benefits in direct conflict with a state statute. We find they cannot.

Louisiana Revised Statutes 33:2002, which provides state supplemental pay for fireman, and La.R.S. 33:2005, which prohibits the municipality from reducing its financial obligation to firefighters based on the State supplemental pay, were enacted as public policy statutes. The establishment of minimum wage standards, working conditions, and benefits for firefighters is not left to the discretion of each individual municipality, but is within the "plenary power of the legislature" under the State constitution. *New Orleans Firefighters Association v. Civil Service Commission,* 442 So.2d 402, 409 (La.1982). The State has a "compelling state interest" in establishing a minimum standards for firefighters and police officers and ensuring that those standards are met by municipalities. *Id.* Legislative oversight is necessary to guarantee that all Louisiana citizens, regardless of their geographic location, will be provided with effective police and fire protection. "If the lawmaking branch were restricted either by geographical limitation or the policy of other agencies in considering socioeconomic data and formulating fair labor standards, it would be impossible for it to establish a minimum wage or a standard working condition pursuant to its own conception of state policy." *Id.* at 407. The public purpose behind the enactment of these provisions would be defeated if municipalities were allowed to contractually avoid their responsibility under statutes. La.Civ. Code art. 7; *Becht v. Morgan Building & Spas, Inc.*, 01-1091 (La.App. 1 Cir. 6/2/02), 822 So.2d 56, *affirmed*, 02-2047 (La. 4/23/03), 843 So.2d 1109, *cert. denied*, 540 U.S. 878, 124

4

S.Ct. 289 (2003). We find, at the time the collective bargaining agreement between the City and the Union was entered, La.R.S. 33:2005 prohibited the parties from contractually agreeing to reduce a firefighters' monthly payment by the amount advanced by the City in anticipation of the State supplemental pay. We note the legislature recently amended La.R.S. 33:2002 to allow municipalities to reduce the wages of firefighters after the first year, provided this reduction is disclosed in writing at the time the employee is hired. However, this provision provides a substantive change in the law and cannot be applied retroactively.

The City contends if it is determined that a portion of the agreement is in contravention of the statute, the entire agreement should be voided. If we were to nullify the wage agreement and return the parties to the status quo, the City will accomplish indirectly what the law prohibits it from doing directly, that is, negotiating a salary with benefits at a stated amount and then eventually nullifying it to claim an offset. Moreover, the collective bargaining agreement signed by the City also contains a Severance clause which provides in the event any provisions of the agreement are found to be in violation of a statute "all other provisions of this agreement shall remain in full force and effect for the duration of this agreement."

## DECREE

Based on the foregoing review of the record, we affirm the decision of the trial court granting the partial summary judgment. All costs of this appeal are assessed to the City of Lake Charles.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-189

JOSEPH AGUILLARD, ET AL.

VERSUS

CITY OF LAKE CHARLES

GENOVESE, J., dissents and assigns the following reasons.

In order for this court to render an opinion relative to a violation, *vel non*, of La.R.S. 33:2005, there must be evidence in the record as to "base salary or benefits" of the firefighters. There is none. This case is not ripe for summary judgment. My dissent is based solely on the evidentiary posture of this case. We cannot address the key issue of whether the City of Lake Charles's reduction of firefighter pay proportionate to its receipt of state supplemental pay violated La.R.S. 33:2005 without evidence in the record of the base pay and benefits afforded Plaintiffs. This case differs from *Bailey v. City of Lafayette,* 05-29 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, *writ denied*, 05-1690 (La. 1/9/09), 918 So.2d 1054, in that regard and in other aspects. Therefore, genuine issues of material fact remain, and this court cannot rule, as a matter of law, that Plaintiffs are entitled to summary judgment. Therefore, I dissent on evidentiary grounds and would reverse the trial court's grant of summary judgment in favor of the Plaintiffs.