KNOLL, J.,
dissenting.
| TWith all due respect, I dissent. The majority interprets La.Rev.Stat. § 33:1992 to exclude the $300 city supplement from first-year firefighters’ “minimum monthly salary” for purposes of calculating the wage differentials of higher-ranking firefighters. In my view, such a narrow interpretation subverts the “remedial and humanitarian ... purpose” of La. Rev. Stat § 33:1991, et seq. New Orleans Firefighters Ass’n v. Civil Serv. Comm’n of City of New Orleans, 422 So.2d 402, 412 (La.1982). I further dissent because I do not believe reading La. Rev. § 33:1992 to include the $300 city supplement as part of a firefighter’s “minimum monthly salary” renders La.Rev.Stat. § 33:2002(A)(3)(c) meaningless.
First, the majority, in my view, narrowly interprets § 33:1992, thereby undermining the Legislature’s intent in enacting minimum wage and overtime laws for Louisiana firefighters. Such an interpretation overlooks the primary purpose of statutory construction, which is to ascertain and enforce the will of the Legislature. Pumphrey v. City of New Orleans, 05-979, p. 10 (La.4/4/06), 925 So.2d 1202, 1209; Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360, p. 4 (La.12/3/03), 860 So.2d 1112, 1115. A statute must be “applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the Legislature had in enacting it.” Sultana Corp., 03-0360 at p. 4, 860 So.2d at 1116. Although statutory interpretation begins with the language of the statute itself, Oubre v. Louisiana Citizens Fair Plan, 11-0097, p. 11 (La.12/16/11), 79 So.3d 987, 997, a statute’s language must not be construed so narrowly as to defeat or undermine the clear intent of the Legislature. See State v. Shaw, 06-2467, p. 15 (La.11/27/07), 969 So.2d 1233, 1242 (“[A]n interpretation should be avoided which would operate to defeat the object and purpose of the statute.”).
This Court has previously ascertained and cogently articulated the Legislature’s intent in enacting minimum wage and overtime laws for Louisiana firefighters:
... [Tjhere is no difference in principle between our statutes [La.Rev.Stat. § 33:1991 et seq.] and the federal minimum wage and working condition laws. The motive and purpose of the legislature were plainly to make effective its conception of public policy that substandard labor conditions in city, parish and other local fire departments should be eliminated as being injurious to the safety and welfare of the public as well as detrimental to the health, efficiency and morale of firefighters ... [La.Rev. Stat. § 33:1991 et seq.] are remedial and humanitarian in purpose and must not be interpreted narrowly.
New Orleans Firefighters Ass’n, 422 So.2d at 412 (emphasis added); see also Johnson v. Marrero-Estelle Volunteer Fire Co., No. 1, 04-2124, p. 2 (La.4/12/05), 898 So.2d 351, 354 (quoting New Orleans Firefighters Ass’n, 422 So.2d at 412). In order to effectuate the “the remedial and humanitarian purpose of the statute[ ],” the wages of higher-ranking firefighters should be calculated based on a firefighter’s “minimum monthly salary,” including the $300 *338 city supplement. New Orleans Firefighters Ass’n, 422 So.2d at 412.
A fair interpretation of the phrase “minimum monthly salary” supports the conclusion that the $300 city supplement should be included in the base figure for calculating the wages of higher-ranking firefighters. Section 33:1992 mandates that higher-ranking firefighters’ salaries must be a specified percentage above the |a“minimum monthly salary” of a beginning firefighter. La.Rev.Stat. § 33:1992(A)(1)-(10). A basic tenant of statutory construction is that “words of a law must be given their generally prevailing meaning.” La. Civ. Code art. 11. Several appellate courts have interpreted the generally prevailing meaning of the phrase “minimum monthly salary” in § 33:1992. For instance, the Second Circuit in Alamond v. City of Shreveport, 39,514, p. 8 (La.App. 2 Cir. 4/6/05), 900 So.2d 277, 281, defined the phrase as “regular compensation paid monthly over an extended period of time,” and the First Circuit in Hemphill v. City of Bogalusa, 417 So.2d 462, 465 (La.App. 1 Cir.1982), stated, “the minimum salary actually paid is the correct base” for calculating the salaries of higher-ranking firefighters, (emphasis in original). The City, however, sets the base for calculating the salaries of higher-ranking firefighters at $1,500, deliberately understating the “minimum monthly salary” of a beginning firefighter. The City’s beginning firefighters, though, are never “actually paid” $1,500 “monthly over an extended period of time.” Alamond, 39,514 at p. 8, 900 So.2d at 281; Hemphill, 417 So.2d at 465. Instead, a beginning firefighter in West Monroe is actually paid $1,800 a month — $1,500 base salary plus $300 city supplement — during his first year of service and thereafter receives $2,000 a month — $1,500 base salary plus $500 state supplement. Thus, an entry-level firefighter is never actually paid an amount less than $1,800 a month. The City’s devaluation of the beginning firefighters’ monthly salaries in turn suppresses the salaries of higher-ranking firefighters under § 33:1992.
Ultimately, the majority’s interpretation of § 33:1992 allows the City to craft a fiction in which the $300 city supplement is included for purposes of meeting federal minimum wage requirements under the Fair Labor Standards Act, 29 U.S.C. § 206, but magically disappears for purposes of § 33:1992. In this fiction, the City acknowledges the supplement when it is financially convenient but then |4disregards the supplement when it is a financial burden. Allowing the City to have it both ways creates, in my view, an absurd result. Namely, by indulging this fiction, the majority permits the City to suppress the wages of high-ranking firefighters by calculating their salaries using an amount that is always less than the actual compensation paid to a beginning firefighter over an extended period of time.
Finally, I dissent because interpreting § 33:1992 to include the $300 city supplement as part of a beginning firefighter’s “minimum monthly salary” does not render § 33:2002(A)(3)(c) superfluous. Admittedly, § 33:2002(A)(3)(c) permits a municipality — after disclosing the temporary nature of the city supplement in writing— to reduce the city supplement after a firefighter’s first year of service without being “subject to penalty.” However, after reading § 33:2002 in pari materia with La. Rev.Stat. § 33:2005 and reviewing the legislative history behind the 2006 amendments to § 33:2002, it is clear the Legislature meant one thing by word “penalty” in § 33:2002(A)(3)(c). Specifically, the word “penalty” in § 33:2002(A)(3)(c) is shorthand for “lawsuit under § 33:2005.”
*339 In my view, requiring the City to include the $300 supplement in the base figure for calculating the wages of higher-ranking firefighters does not fall within the purview of the Legislature’s targeted use of the word “penalty” in § 33:2002(A)(3)(c). As an initial matter, §§ 33:2002(A)(3)(a)-(c) must be read in pari materia with both § 33:1992 and § 33:2005. See La. Civ. Code art. 13. The majority, however, ignores § 33:2005, which provides in pertinent part:
Any reduction of the salary of an employee covered by this Subpart [ie., a firefighter] ... whether by the governing authority or by any pay plan under the provisions of the civil service law, or otherwise, shall be void where it is made solely by reason of the additional compensation by the state, provided in this Subpart [ie., the $500 state supplement].
| ^Before 2006, if a municipality reduced a firefighter’s city supplement after the firefighter became eligible to receive the monthly state supplement, then that firefighter could sue the municipality under § 33:2005 to have his city supplement reinstated. See Aguillard v. City of Lake Charles, 07-189, p. 4 (La.App. 3 Cir. 9/26/07), 966 So.2d 722, 726, writ denied, 07-2107 (La.3/7/08), 977 So.2d 907. In 2006, the Legislature sought to avoid this result under § 33:2005 by amending § 33:2002. Acts 2006, No. 789, § 1, eff. July 1, 2006. Specifically, the Legislature added § 33:2002(A)(3)(e), which authorizes a municipality to reduce a firefighter’s city supplement without “penalty” after that firefighter begins receiving the monthly state supplement. Id. When introducing House Bill 1168, which would become §§ 33:2002(A)(3)(a)-(c), Representative Jack Smith repeatedly emphasized the Bill was designed to prevent municipalities from being sued for reducing city supplemental pay after a firefighter began receiving state supplemental pay. See Meeting of Committee on Municipal, Parochial, and Cultural Affairs of the Louisiana House of Representatives (5/3/2006), H.B. 1168, available at http://house.louisiana. gov/H_Video/2006/May2006/htm. This legislative history, read in conjunction with § 33:2005, reveals the term “penalty” in § 33:2002(A)(3)(c) means “lawsuit under § 33:2005.” Including the $300 city supplement in the base figure for calculating the minimum salaries of higher-ranking firefighters cannot trigger a “lawsuit under § 33:2005,” and it does not, therefore, subject municipalities to a “penalty” under § 33:2002(A)(3)(c).
In sum, reading § 33:1992 to include the $300 city supplement does not render § 33:2002(A)(3)(c) nugatory. Rather, a municipality can still, without being sued under § 33:2005, reduce a first-year firefighter’s city supplement after that firefighter becomes eligible for the state supplement. This was the Legislature’s intent in enacting § 33:2002(A)(3)(c), and interpreting § 33:1992 to include the $300 city supplement does nothing to abrogate this intent.
lfiFor these reasons, I would affirm the rulings of the lower courts, which granted summary judgment in favor of the West Monroe firefighters.