NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-624

BENNY BELL

VERSUS

SABINE PARISH SCHOOL BOARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68,723
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**AFFIRMED.**

J. Keith Gates
Gates Law Firm, L.L.C.
Post Office Box 1433
Winnfield, Louisiana 71483
(318) 648-9800
Counsel for Plaintiff/Appellant:
        Benny Bell

Robert L. Hammonds
Neal L. Johnson, Jr.
Hammonds, Sills, Adkins & Guice, LLP
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
(225) 923-3462
Counsel for Defendant/Appellee:
        Sabine Parish School Board

**KEATY, Judge.**

Plaintiff appeals the trial court's grant of summary judgment in favor of Defendant. For the following reasons, the trial court's judgment is affirmed.

## FACTS & PROCEDURAL HISTORY

This matter involves the interpretation of La.R.S. 17:418(C)(2), which provides: "Each vocational agricultural teacher employed by a city, parish, or other local public school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a proportional salary for a twelve-month budget period according to the salary schedule established by his employing school board." Benny Bell, a vocational agricultural teacher employed by the Sabine Parish School Board (hereinafter "the Board"), filed a Petition against the Board on January 31, 2018, for its failure to comply with La.R.S. 17:418(C)(2). Bell alleged the Board failed to pay him a proportional salary for a twelve-month budget period according to the salary schedule established by the Board. He requested all due back pay along with an order requiring the Board to pay him a proportional salary pursuant to the statute, along with attorney's fees and costs of the proceeding. The Board filed an answer and acknowledged that Bell was required to work 210 days per year, spread out over a twelve-month period. The Board advised it had paid Bell for his work and affirmatively asserted extinguishment of its obligation. Bell thereafter filed a motion for partial summary judgment, and the Board filed a motion for summary judgment. The cross motions for summary judgment were heard on July 8, 2019. Following a hearing, the trial court submitted a written judgment on July 9, 2019, wherein it denied Bell's motion for partial summary judgment, granted the Board's motion for summary judgment, and dismissed the matter without prejudice. Bell appealed the judgment.

On appeal, Bell asserts that the trial court erred as a matter of law in denying his motion for summary judgment and in granting the Board's motion for summary judgment.

## STANDARD OF REVIEW

An appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Therefore, just like the trial court, we must determine whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Moreover, "[t]o uphold a summary judgment on appeal, the record must reflect the mover secured the judgment in accordance with the procedure mandated by Louisiana Code of Civil Procedure article 966." *Acadian Props. Northshore, L.L.C. v. Fitzmorris*, 17-424, p. 9 (La.App. 1 Cir. 11/1/17), 234 So.3d 927, 934. We also must ensure that all procedural requirements have been met. *Magnon v. Miller*, 06-321 (La.App. 3 Cir. 9/27/06), 939 So.2d 658.

Additionally, "[q]uestions of law, such as the proper interpretation of a statute, are reviewed by [an appellate] court under the de novo standard of review." *La. Mun. Ass'n v. State*, 04-227, p. 35 (La. 1/19/05), 893 So.2d 809, 836. "On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record." *State, Through La. Riverboat Gaming Comm'n v. La. State Police Riverboat Gaming Enforcement Div.*, 95-2355, p. 5 (La.App. 1 Cir. 8/21/96), 694 So.2d 316, 319. "Appellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct." *Johnson v. La.*

2

*Tax Comm'n*, 01-964, p. 2 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, 331, *writ denied*, 02-445 (La. 3/8/02), 811 So.2d 887.

This appeal involves the interpretation of a statute arising from cross motions for summary judgment. Accordingly, we will conduct a de novo review.

**DISCUSSION**

In his sole assignment of error, Bell contends the trial court erred as a matter of law in denying his motion for summary judgment and in granting the Board's motion for summary judgment. The cross motions for summary judgment were based upon application of La.R.S. 17:418(C)(2) which provides: "Each vocational agricultural teacher employed by a city, parish, or other local public school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a proportional salary for a twelve-month budget period according to the salary schedule established by his employing school board." At issue are the factors the Board considers "twelve" months and nine months when calculating Bell's annual salary. La.R.S. 17:418(C)(2). Bell contends the Board erroneously classifies him as a 210-day employee rather than a twelve-month employee and pays him a proportional salary based on 174 days instead of nine months. Bell notes that under this formula, the Board multiplies a nine-month teacher's salary by 1.207, i.e., 210 days divided by 174 days equals 1.207. In order to comply with the statute, Bell maintains that the Board should multiply a nine-month teacher's salary by 1.33, i.e., twelve months divided by nine months equals 1.33.

In opposition, the Board maintains that Bell is entitled to have a nine-month teacher's salary multiplied by 1.207 rather than 1.33. Regular nine-month teachers work 174 days rather than nine months, according to the Board. It further advises that Bell works 210 days rather than twelve months. Thus, the Board contends that

3

its current formula used to determine Bell's salary complies with La.R.S. 17:418(C)(2).

On appeal, we are called upon to interpret La.R.S. 17:418(C)(2). In cases involving statutory interpretation, the fundamental question is legislative intent and the ascertainment of the reasons that prompted the legislature to enact the law. *In re Succession of Boyter*, 99-761 (La. 1/7/00), 756 So.2d 1122. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. Although the language of the law may be susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La.Civ.Code arts. 10 and 11. The meaning of ambiguous terms must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La.R.S. 1:3; La.Civ.Code. arts. 12 and 13. "Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Boyter*, 756 So.2d at 1129. "If application of the foregoing rules of interpretation fails to illuminate definitively the legislature's intent, only then should the rule of strict construction apply to the interpretation of laws in derogation of common rights[.]" *Hutchinson v. Patel*, 93-2156, p. 6 (La. 5/23/94), 637 So.2d 415, 421.

Louisiana Revised Statutes 17:418, entitled "Salaries; teachers and other school employees[,]" was passed by Act 1 in the 2012 regular legislative session. Prior to the passage of Act 1, the salary of vocational agricultural teachers was determined by two statutes: La.R.S. 17:421.3 and 422(B)(1). The former provision

4

provided that each vocational agricultural teacher teach "a twelve-month program" and be "paid a salary at the same monthly rate as provided in the minimum salary schedule" whereas the latter provision established a minimum teacher salary schedule. Those two statutes were repealed on July 1, 2012 and replaced with La.R.S. 17:418 pursuant to Act 1. Under the new statute, "[t]he governing authority of each local public elementary and secondary school, the state special schools, and the schools and programs administered through the special school district shall establish salary schedules" for the teachers and other school employees. La.R.S. 17:418(A)(1). At issue herein is the part of the statute requiring a vocational agricultural teacher to "be paid a proportional salary for a twelve-month budget period according to the salary schedule established by his employing school board." La.R.S. 17:418(C)(2). A school board's discretion to determine salary is limited by the provision in La.R.S. 17:418(C)(1), which provides that the amount of salary paid to a teacher annually "shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to such school personnel be reduced at any time during an academic year." La.R.S. 17:418(C)(1).

The Board relied upon the affidavit of Rodney Wilson, the Board's Director of Finance. Wilson attested to the Board's formula it used to determine teachers' salaries before and after the implementation of Act 1. During the 2012-13 school year and prior thereto, "the minimum salary for the twelve-month program of vocational agriculture teachers was calculated by determining, based on the 2011-2012 Sabine Parish School Board New State Minimum table [("minimum table")],[] the monthly minimum salary of an identically qualified nine-month teacher and multiplying that monthly amount by twelve." This amount was augmented by adding the additional salary amount taken from general funds. Wilson advised that

by 2012-13, Bell's qualifications included over twenty-five years of experience as a teacher with a master's degree and thirty plus hours of graduate course credit. According to Wilson, the minimum salary for a teacher with Bell's qualifications during 2012-13 was $30,985.00, which was augmented by $19,308.00 in general funds that were not required to be expended under the state minimum salary schedule.

Wilson attested that in 2013-14, the Board complied with Act 1 by adopting and implementing an Extended Teacher Salary Schedule ("salary schedule") to determine the adjusted salary of teachers assigned to programs exceeding nine months; it was used in place of the 2011-12 minimum table to determine the adjusted salary of vocational agricultural teachers. Under the 2013-14 salary schedule, the teachers were assigned to the "step" that provided for compensation that was one "step" higher than their nine-month base salary in the prior school year, i.e., 2012-13. Wilson revealed that Bell was assigned to step eighteen of the new twenty-five-step schedule under the 2013-14 salary schedule. According to Wilson, the Board implemented the same teacher salary schedule in 2014-15.

Wilson advised that a simplified teacher salary schedule was adopted by the Board in 2015-16 whereby a factor of 1.207 was applied to the salary of nine-month teachers to determine the salary of identically qualified vocational agricultural teachers. "The 1.207 factor was established by dividing the number of days worked annually by vocational agriculture teachers (210 days) by the number of days worked annually by nine-month teachers (174 days)." Wilson noted that the 2015-16 salary schedule was implemented without change in 2016-17 and 2017-18. He explained that the method for determining the salary of vocational agricultural teacher salaries in 2018-19 did not change, although the Board raised the salaries for nine-month teachers upon which vocational agricultural teacher salaries are based.

6

Wilson also provided a table comparing the work requirements and salary of Bell and an identically qualified nine-month teacher from the 2008-09 school year to the 2018-19 school year. The table reveals that Bell earned $60,621.33 in 2008-09. This amount was determined, in part, by Bell's 240 days of work, a nine-month teacher's 172 days of work, and a factor of 1.205. Bell earned the same amount each subsequent year up until, and including, the 2012-13 school year. His salary thereafter increased each year. Specifically, in 2013-14 and 2014-15, Bell earned $60,888.00 and $61,154.67 respectively, based upon 240 to 174 days of work and a factor of 1.206. In 2015-16, 2016-17, and 2017-18, Bell earned $62,173.78, $62,415.18, and $62,656.58 respectively. His salary during these three years was determined by using 210 days worked by Bell, 174 days worked by a nine-month teacher, and a factor of 1.207. According to Wilson, Bell's salary was projected to increase to $63,622.17 in 2018-19, using the same formula adopted by the Board in 2015-16. Attached to Wilson's affidavit were the salary schedules, tables, and guidelines used by the Board in determining teacher salaries.

In addition to Wilson's affidavit, the Board relied upon Louisiana Attorney General Opinion Number 15-0061 of April 1, 2016. The issue was whether the compensation plan for vocational agricultural teachers during 2015-16 was consistent with Act 1. After reviewing the 2015-16 Board salary schedule, the Attorney General concluded the Board was in compliance because vocational agricultural teachers would receive a full monthly salary for twelve months and that salary was not less than that paid in the prior year. The Attorney General then explained the statute's purpose, as follows:

> The Act 1 repeal of La. R.S. 17:421.3 eliminated a state-wide minimum salary for teachers. Subject to the limitation in La. R.S. 17:418(C)(1) that a teacher's annual salary for a given year may not be reduced below the annual salary paid in the previous year, current law generally leaves the fixing of teacher salaries to the discretion of the individual school

7

governing authority. However, during the debate prior to final passage of the bill on the House Floor, Rep. Jim Fannin offered an amendment to put back into law the requirement that vocational agricultural teachers be paid for twelve months of work.[] He explained that "it's always been in statute" that these teachers receive a full twelve months of pay, as opposed to "nine months of pay distributed over 12 months."[] The amendment passed without opposition and became La. R.S. 17:418(C)(2) in the law as signed by the Governor.

The Attorney General also discussed the rules regarding statutory interpretation and opined: "In this case, although the law is clear, rendering unnecessary an examination of legislative intent, [] nonetheless the legislative history supports this opinion." It concluded that a parish school board has the authority to set teacher salaries, including vocational agricultural teachers, subject to the limitation in La.R.S. 17:418(C)(1). The Attorney General determined that "vocational agricultural teachers must be paid for a full twelve months of work."

In Louisiana, opinions rendered by the Attorney General are advisory rather than binding. *McCaig v. Town of Gueydan*, 01-140 (La.App. 3 Cir. 6/27/01), 788 So.2d 1283. "We have recognized their persuasive authority, particularly where no cases on point exists [sic]." *Id.* at 1285. "'Although the Attorney General's opinion is not binding, we agree with its result and further find that it provides guidance in this case.'" *Bailey v. City of Lafayette*, 05-29, p. 4 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 924, *writs denied*, 05-1690, 05-1689, 05-1691, 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055 (quoting *Hayes v. City of Alexandria*, 629 So.2d 435 (La.App. 3 Cir. 1993)).

In this case, the current statute instituted by Act 1 clearly and unambiguously evidences the Board's authority to fix Bell's salary subject to the provision that it cannot be reduced. The statute, by its own terms, proclaims that "[e]ach vocational agricultural teacher employed by a city, parish, or other local public school board shall teach a twelve-month program for a twelve-month budget period and shall be

8

paid a proportional salary for a twelve-month budget period according to the salary schedule established by his employing school board." The Board's compliance with this statute is consistent with Wilson's affidavit, the Attorney General's opinion, and is otherwise unrefuted. Moreover, we have found no authority, statutorily or otherwise, which denies the Board the power to utilize a factor of 1.207 as opposed to 1.33 when determining the salary of vocational agricultural teachers such as Bell. For the foregoing reasons, we find that the trial court's judgment is legally correct.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to Plaintiff, Benny Bell.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.