ORDER
The application and opposition (not by the Clerk of Court but by the parties in the case whose record was sought) being considered, and
It appearing that the Clerk of the District Court has personally refused to permit petitioner to inspect and copy a record of a civil case in the District Court, which we hold the equivalent of a “final determination of the custodian” within R.S. 44:35; and
Because (1) La.Constitution 1974 art. 1 § 22’s requirement that courts be open, (2) La.Code of Civil Procedure art. 251’s provision that “Except as otherwise provided by law, [the Clerk of Court] shall permit any person to examine, copy, photograph, or make a memorandum of any of [the court’s] records at any time during which the clerk’s office is required by law to be open,” (3) La.Revised Statutes 44:31’s provision that “any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record,” and (4) the absence of any Louisiana statutory provision authorizing a court to “seal” its record of a civil case from public inspection (insofar as we have found or had cited by opponent), establish that there is no power in the trial court to order an entire civil case record sealed from public inspection under C.C.P. art. 251 and R.S. 44:31, and therefore establish that the Clerk of Court has a ministerial duty to permit inspection and copying of the court’s records of civil cases, and
R.S. 44:35 not constituting parties in interest (in respect to the Clerk of Court’s ministerial duty or any action to enforce it) persons who were parties to a civil case, the inspection or copying of whose public court record is demanded of the Clerk of Court,
IT IS ORDERED THAT the ruling of October 20, 1986, of the Honorable Emile E. Martin, III, Judge, Twenty-Fifth Judicial District Court, Parish of Plaquemines, sustaining the exception of insufficiency of process upon the former litigants is recalled and that exception dismissed, for want of interest in the exceptors; and
IT IS FURTHER ORDERED THAT the further ruling of October 20, 1986, sustaining the exception of no right of action filed by the Clerk of Court, is recalled and that exception overruled, and in lieu thereof
IT IS ORDERED that the Honorable Allen L. Lobrano, Clerk of Court, permit petitioner to inspect and copy record *355 No. 28-352 of that court in accordance with C.C.P. art. 251 and R.S. 44:31.
ON APPLICATION FOR REHEARING AND STAY ORDER
ORDER
The Clerk of Court applies for rehearing and stay order on the mandamus this court granted October 31.
The application for rehearing is denied.
The application for a stay order perhaps should also be denied in view of the Clerk’s resort to the trial court to nullify this court’s order (rather than to this court or to the Supreme Court). We grant a stay, despite that circumstance, because the record sought was sought for political purposes in an election being conducted today. It is now nearly 5 p.m., the trial court clerk’s office is presumably closed or about to be closed, and any record search could not possibly benefit petitioner’s political interests at this late hour. We therefore deem it appropriate to afford the Clerk of Court a stay of 24 hours, until 5 p.m. November 5,1986, within which to apply to the Supreme Court for review of our October 31 order and a further stay by that Court.