STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1170


AMY M. TRAHAN

VERSUS

LAFAYETTE PARISH SCHOOL BOARD


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2007-2110 DIV. "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.


AFFIRMED AS AMENDED.


Michael Harson
District Attorney - Fifteenth Judicial District
Post Office Box 3306
Lafayette, Louisiana 70502
(337) 232-5170
COUNSEL FOR DEFENDANT/APPELLANT:
    Lafayette Parish School Board

James E. Simon
ADA - Fifteenth Judicial District Court
519 West Main Street
Post Office Box 1018
Broussard, Louisiana 70518
(337) 839-8800
COUNSEL FOR DEFENDANT/APPELLANT:
    Lafayette Parish School Board

**J. Issac Funderburk**
**Funderburk & Herpin**
**101 South St. Charles Street**
**Post Office Drawer 1030**
**Abbeville, Louisiana 70511-1030**
**(337) 893-8140**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Amy M. Trahan**

**GENOVESE, JUDGE.**

Defendant, Lafayette Parish School Board (School Board), appeals the trial court judgment in favor of the Plaintiff, Amy M. Trahan, making her writ of mandamus peremptory and ordering the School Board to renew her contract of employment as a grants administrator for the School Board for a two-year term. For the following reasons, we affirm as amended.

## FACTS

Ms. Trahan was employed by the School Board when she was appointed to the position of Grants Administrator. On June 8, 2006, a Contract of Employment for Grants Administrator (the contract) was executed by Ms. Trahan and Dr. James H. Easton, Superintendent of Schools for the Lafayette Parish School System, containing the following provisions:

> This contract is entered into on this 8th day of June, 2006, by and between the Lafayette Parish School Board (hereinafter referred to as "the Board"), a political subdivision of the State of Louisiana, represented herein by its Superintendent of Schools, Dr. James H. Easton, who is duly authorized to act herein by virtue of action taken by the Board at its meeting on June 7, 2006, and Amy [M.] Trahan (hereinafter Appointee). The terms of this agreement are as follows:

> I.    AUTHORITY TO CONTRACT

> This contract is entered into pursuant to the authority of and in accordance with the applicable policies of the Lafayette Parish School Board.

> II.    POSITION AND TERM OF APPOINTMENT

> The Board hereby names Appointee to the position of Grants Administrator for a period of one year, commencing on June 8, 2006, and ending of June 7, 2007, and Appointee hereby accepts such appointment.

> . . . .

1

VII.   NON-RENEWAL OF APPOINTEE

(A)   The parties hereto acknowledge that, by its terms, this contract expires on June 7, 2007.  Appointee understands and agrees that the Board may decide not to renew this agreement.

(B)   If the Board decides not to renew this agreement, the decision must be based on the recommendation of the Superintendent not to renew following an evaluation.  Appointee shall be given written notice of this action as well as the reason for non-renewal within a reasonable amount of time prior to the expiration of the contract.

. . . .

IX.   RENEWAL OF CONTRACT

It is understood and agreed by both parties that, with mutual consent, this agreement may be renewed and/or renegotiated for an additional term and may contain such lawful terms and conditions as may then be established by the parties.

Dr. Easton performed an evaluation of Ms. Trahan and found "successful performance." At the February 7, 2007 School Board meeting, Dr. Easton recommended that Ms. Trahan's contract be renewed for an additional two-year term. The School Board deferred action on the recommendation at that time.  Later, at the April 4, 2007 School Board meeting, Dr. Easton again made the recommendation that Ms. Trahan's contract be renewed for a two-year term; however, the School Board rejected Dr. Easton's recommendation and voted not to renew her contract.  Thus, Ms. Trahan's contract was terminated effective June 7, 2007.

Ms. Trahan filed a Petition For Issuance of Writ of Mandamus, Declaratory Judgment, and Attorney Fees.  The application for writ of mandamus came before the trial court on May 14, 2007.[1]  Finding in favor of Ms. Trahan, the trial court issued a writ of mandamus to the School Board ordering it to renew Ms. Trahan's contract

---

[1]The petition for declaratory judgment was placed on a later rule docket of the trial court to proceed via ordinary process.

as Grants Administrator for a term of two years. The trial court also awarded Ms. Trahan attorney fees and costs. A judgment was signed in accordance therewith on May 14, 2007.

The School Board subsequently filed a Motion For New Trial, Written Reasons for Judgment, and Stay of Judgment. The trial court issued Reasons for Judgment and signed a judgment denying the School Board's motion for a new trial on July 3, 2007. It is from this judgment that the School Board appeals.

## ASSIGNMENTS OF ERROR

The School Board appeals the judgment of the trial court, asserting four assignments of error:

> 1. The [Trial] Court erred in holding this matter to be properly handled as an action in mandamus.
>
> 2. The [Trial] Court erred in upholding the validity of the contract in question since no evidence indicated that said contract was validly approved by the Lafayette Parish School Board nor was it signed by [its] president.
>
> 3. The [Trial] Court erred in not finding that to uphold the contract as worded would be *contra bonos mores* as essentially and totally abdicating [School] Board responsibility for employee hiring.
>
> 4. The [Trial] Court erred in ordering that the contract had to be enforced for a period of two years which provision did not appear in the contract.

## LAW AND DISCUSSION

> We observe that a denial of an application for a new trial is an interlocutory judgment and can only be appealed on a showing of irreparable injury. La.C.C.P. 2083; *Tregre v. Tregre*, 444 So.2d 675 (La.App. 5th Cir. 1984). Nevertheless, our Louisiana Supreme Court has held that where the motion for appeal refers to a judgment by date and that judgment is one denying a motion for a new trial, but the appellant exhibits the clear intention in brief and argument to appeal from the adverse judgment on the merits, the appeal should be considered. *Smith v. Hartford Accident and Indemnity Company*, 254 La. 341, 223 So.2d 826 (1969), and *Fruehauf Trailer Company v.*

*Baillio*, 252 La. 181, 210 So.2d 312 (1968).

*Walsh v. Walsh*, 544 So.2d 720, 721 (La.App. 3 Cir. 1989). *See also Fuqua v. Gulf Ins. Co.*, 525 So.2d 190 (La.App. 3 Cir. 1988); *Johnson v. Johnson*, 432 So.2d 1140 (La.App. 3 Cir. 1983). It is clear from the School Board's brief that it intended to appeal the May 14, 2007 judgment on the merits. Thus, we will treat the appeal accordingly.

### *Validity of the Contract*

The School Board contends that the trial court erred in upholding the validity of the contract in question. Specifically, it asserts that there was "no evidence to establish that this contract was in fact, in its terms, authorized or approved or accepted by the School Board. . . . " We disagree.

The contract was generated by the School Board itself. Notably, by its express terms, it states that this "contract is entered into . . . by and between the Lafayette Parish School Board . . . represented herein by its Superintendent of Schools, Dr. James H. Easton, who is duly authorized to act herein by virtue of action taken by the Board at its meeting on June 7, 2006, and Amy [M.] Trahan. . . ." Thus, the capacity of Dr. Easton to execute the contract on behalf of the School Board is set forth at the inception of the document, as well as the means by which his authority to act was granted by the School Board. Additionally, the authority of Dr. Easton to contract is set forth in paragraph I of the contract which provides that the "contract is entered into pursuant to the authority of and in accordance with the applicable policies of the Lafayette Parish School Board."

Consistent with the contract provisions, Dr. Easton testified that as part of his job as the superintendent, he signs contracts for employees who are hired by the

4

School Board. Dr. Easton testified that he did not have any doubt upon entering into the contract with Ms. Trahan that he had the authority from the School Board to do so. Furthermore, it was Dr. Easton's understanding that if he made a recommendation to renew the contract, as was done in this case, the School Board was required to renew the contract.

The School Board, citing La.R.S. 17:83, asserts that in order to be valid, the contract would have to be signed by the president of the School Board. Louisiana Revised Statutes 17:83 contains the following language:

> The president of each school board, or in his absence the vice-president, shall preside at all meetings of the board, call meetings when necessary, advise with and assist the parish superintendent of schools in promoting the success of the schools, and, generally, do and perform all other acts and duties pertaining to his office. All deeds and contracts for the schools shall be signed by him, but the contracts with teachers shall be signed by the parish superintendent and the contracting teachers.

Louisiana Revised Statutes 17:83 states that contracts for the schools are to be signed by the president of the school board; however, there is nothing to prohibit the delegation of this authority. In the instant matter, the authority to sign the contract on behalf of the School Board was conferred upon Dr. Easton.

The issue of whether a school board can grant authority to a superintendent to enter into contracts on its behalf was addressed in Attorney General Opinion Number 92-373 of March 22, 1993. The questions presented for response by the Attorney General were as follows: "1. May a School Board authorize the Superintendent to sign certain contracts on behalf of the School Board instead of the Board President; and 2. If so, are there any limitations[?]" The opinion issued by the Attorney General

5

recognizes the powers granted to school boards pursuant to La.R.S. 17:81.[2]  After

noting that the superintendent is "not statutorily authorized to contract . . . on behalf

of the school board" the Attorney General states that it "has concluded the board, if

it so chooses, may grant to the superintendent such power by regulations adopted by

the board.  Atty.Gen.Op. No. 91-191."  The limitations identified in the opinion were

any which were contained in the school board resolution and "those set forth by the

law and regulations of the State Board of Education with regard to entering

contracts."  "Opinions of the Attorney General are advisory only and not binding."

*McCaig v. Town of Gueydan*, 01-140, p. 3 (La.App. 3 Cir. 6/27/01) 788 So.2d 1283,

1285.  However, "[w]e have recognized their persuasive authority, particularly where

no cases on point exists [sic]." *Id*. (citing *Roy v. Avoyelles Parish Sch. Bd.,* 552 So.2d

63 (La.App. 3 Cir.1989).  "Although the Attorney General's opinion is not binding,

we agree with its result and further find that it provides guidance in this case." *Bailey*

*v. City of Lafayette*, 05-29, p. 4 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, 924, *writs*

*denied*,  05-1054, 05-1690, 05-1691, 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055.

(quoting *Hayes v. City of Alexandria*, 629 So.2d 435, 437 (La.App. 3 Cir. 1993)).

In the instant matter, the contract itself, which was supplied by the School

Board, evidences the representative status of Dr. Easton and his authority to act on

behalf of the School Board.  The contract, by its own terms, also proclaims that it is

being "entered into pursuant to the authority of and in accordance with the applicable

policies of the Lafayette Parish School Board."  This is wholly consistent with the

---

[2]Louisiana Revised Statutes 17:81(C) provides that "[e]ach city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper."

testimony of Dr. Easton and is otherwise unrefuted. Moreover, we have found no authority, statutorily or otherwise, which denies the School Board the power to delegate the authority to Dr. Easton to execute the contract on its behalf. For the foregoing reasons, we find that the trial court was not manifestly erroneous in finding that the contract was a valid contractual agreement between the parties.

*Abdication of School Board Responsibility*

The School Board also asserts on appeal that upholding the contract at issue would be *contra bonos mores* since "to do so would essentially constitute a total abdication by the board of its responsibilities for the hiring of school personnel particularly by contract. . . . " The School Board, in brief, emphasizes the contractual provision restricting termination of the employee by the School Board absent a specific recommendation by the superintendent to not renew the contract subsequent to an evaluation.

The parties in this matter cite differing provisions of Title 17 of the Louisiana Revised Statutes in support of their respective positions. This court has considered the legal authority referenced by the parties; however, we conclude that the contract at issue does not fall squarely within the ambit of any of these statutory provisions. For example, the School Board references La.R.S. 17:444[3]. This statute only governs a "teacher," and Ms. Trahan is not a teacher. As previously set forth, the School Board also references La.R.S. 17:83, which states that all contracts are to be signed by the president. However, there is no statutory prohibition against the School Board delegating this authority to Dr. Easton, which it did. Thus, we do not find the School Board's delegation of authority to Dr. Easton to be in conflict with any statute, nor

---

[3]Louisiana Revised Statutes 17:444 appears in Chapter 2 "Teachers and Employers," Part II "Tenure," Subpart A "Teachers in General," of Title 17 "Education."

7

do we find that it is against public policy. In this instance, the School Board was not "denied or prevented from exercising its legal authority." Rather, it delegated that authority to Dr. Easton, which was not prohibited by law or public policy. We find this assignment of error to be without merit.

### Action in Mandamus

The School Board contends that the trial court erred in holding that the present action could properly be handled as an action in mandamus. We disagree.

Louisiana Civil of Civil Procedure Article 3863 provides that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor." The question, thus, is whether the mandamus in the instant matter was for the performance of a "ministerial duty." We conclude that the renewal of the contract was ministerial.

The School Board refused to renew the contract at issue despite Dr. Easton's recommendation that it be renewed. The express language of paragraph VII of the contract did not relegate the renewal or non-renewal of the contract to the discretion of the School Board. Rather, absent a recommendation that Ms. Trahan's contract not be renewed, the School Board had no alternative but to act in accordance with the recommendation of the superintendent. We agree with the trial court that "[t]he superintendent recommended the contract be renewed. Therefore, the [School Board was] required to renew the contract and mandamus was the proper procedural remedy when the [School Board] failed to honor the contract."

We find that mandamus was the appropriate remedy for Ms. Trahan to enforce her rights. Her rights were fixed by contract, and the School Board's duty was

8

likewise contractually defined. The School Board was obligated to comply with the contractual provisions and had a non-discretionary duty to renew Ms. Trahan's contract. Therefore, we find no manifest error in the finding of the trial court that the duty of the School Board to renew the contract was ministerial in nature and, consequently, may be compelled by a writ of mandamus.

***Two-Year Term Provision***

The School Board also asserts that the trial court erred in issuing its writ of mandamus ordering Ms. Trahan's contract to be renewed for a period of two years. We agree.

Undisputedly, the contract states that it was "for a period of one year." Additionally, paragraph IX of the contract governing renewal states that "the agreement may be renewed and/or renegotiated for an additional term." The fact that the contract was renewed does not alter the duration or term of the contract. There being no language in the contract as to the term of renewal, "[a]n additional term" of Ms. Trahan's contract can only be for a period of one year as was the original term. Although it was the recommendation of Dr. Easton that Ms. Trahan's contract be renewed for a period of two years, there is no legal or contractual authority for extending the duration or term of the contract beyond its original term of one year. In issuing the writ of mandamus, the trial court was, therefore, without the legal authority to compel the School Board to renew Ms. Trahan's contract for a period beyond the one-year duration or term provided for in the original contract. For these reasons, we find that the trial court erred in ordering the contract to be renewed for a two-year period.

9

## DECREE

For the foregoing reasons, the judgment of the trial court making the writ of mandamus peremptory and ordering the Lafayette Parish School Board to renew the Contract of Employment of Grants Administrator, Amy M. Trahan, is affirmed. However, the portion of said judgment ordering that the contract be for a period of two years is hereby amended to provide that said contract is to be renewed for a period of one year. Costs of this appeal are assessed against Lafayette Parish School Board.

**AFFIRMED AS AMENDED.**