HIGGINBOTHAM, J.
| zThis is an appeal from a trial court judgment awarding attorney fees. For the following reasons, we reverse.
BACKGROUND
Plaintiff, Gasper W. Dipaola, brought this action for attorney fees pursuant to a reservation of rights contained in the terms of a confidential settlement agreement that resolved a prior lawsuit between him and defendant, Municipal Police Employees’ Retirement System (MPERS), and third-party defendant, Employees’ Retirement System of the City of Baton Rouge and the Parish of East Baton Rouge (CPERS).[1] The original lawsuit involved a dispute concerning a miscalculation of Mr. Dipaola’s years of service credits from his employment in the East Baton Rouge Parish Attorney’s Office that resulted in an overpayment of retirement benefits.
It is undisputed that the miscalculation error occurred when CPERS and MPERS entered into a merger agreement, whereby certain member accounts and assets were transferred from one system to the other. Pursuant to the merger agreement, Mr. Dipaola’s original account with CPERS was transferred to MPERS. Several years after the merger of the retirement systems took place and Mr. Dipaola had retired, it was discovered that some membership data errors had |3occurred in the data transmission at the time of the merger, including the overstatement of creditable service for Mr. Dipaola. According to MPERS, the miscalculation of creditable service caused MPERS to overpay Mr. Dipaola’s retirement benefits. As a result, MPERS informed Mr. Dipaola of the error and that his monthly retirement benefit was being- reduced to the correct sum. MPERS also requested that Mr. Dipaola refund the overpayments.
In response to MPERS’ actions, Mr. Dipaola filed suit against MPERS, alleging that MPERS had breached its fiduciary duty by wrongfully, negligently, and arbitrarily reducing Mr. Dipaola’s retirement benefits and wrongfully demanding that he *52 return the alleged overpaid amounts. MPERS reconvened against Mr. Dipaola and filed a third-party demand against CPERS, who reconvened against MPERS. Mr. Dipaola also filed a third-party demand against CPERS. Although the actual settlement agreement is not of record, it is undisputed that pursuant to a pre-trial settlement agreement entered into between CPERS and Mr. Dipaola, all of Mr. Dipaola’s claims against MPERS and CPERS were resolved, except his right to seek attorney fees. After the parties settled, Mr. Dipaola filed a motion for attorney fees, relying on the express language of La. R.S. 11:264.7.
Following a hearing on the motion, the trial court ordered MPERS to pay a total of $57,667.47 for attorney fees to Mr. Dipaola. MPERS appealed, insisting that the trial court erred in granting attorney fees to Mr. Dipaola since there was no evidence that MPERS was at fault, Mr. Dipaola was not a prevailing party, and the statutory authority did not apply. CPERS filed an answer to MPERS’ appeal and aligned itself with MPERS, arguing that MPERS did not breach any fiduciary duty to Mr. Dipaola, who was not a prevailing party. Additionally, CPERS sought reversal of the attorney fees award, because the trial court failed to consider that the evidence revealed that CPERS was the only party at fault' and the statutory L authority relied on by Mr. Dipaola did not apply to CPERS. Mr. Dipaola also answered MPERS’ appeal, seeking an increase in attorney fees for defending this appeal and requesting that a multiplier be applied to the trial court’s award of attorney fees.
LAW AND ANALYSIS
The trial court is vested with considerable discretion in making an award of attorney fees, and the award will not be disturbed in the absence of á clear abuse of discretion. St. Tammany Parish Hosp. Service Dist. No. 2 v. Schneider, 2000-0247 (La.App. 1st Cir.5/11/01), 808 So.2d 576, 587. Under Louisiana law, attorney fees are not allowed except where authorized by statute or by contract. Pipeline Technology VI, LLC v. Ristroph, 2007-1210 (La.App. 1st Cir.5/2/08), 991 So.2d 1, 3, writ denied, 2008-1676 (La.10/24/08), 992 So.2d 1037, cert. denied, 556 U.S. 1106, 129 S.Ct. 1595, 173 L.Ed.2d 678 (2009). Thus, unless Mr. Dipaola can show a pertinent statute or contract providing for an award of attorney fees, such fees are not appropriate. It is undisputed that the parties’ settlement agreement reserves “any and all claims [Mr. Dipaola] has to attorney fees” in the lawsuit involving Mr. Dipaola, CPERS, and MPERS.[2] Mr. Dipaola asserts that La. R.S. 11:264.7 is his statutory authority to be awarded attorney fees.
Title 11 of the Louisiana Revised Statutes contains provisions pertaining to “Consolidated Public Retirement Systems,” which apply to MPERS, but not CPERS. See La. R.S. 11:262. The special provisions governing MPERS are found at La. R.S. 11:2211 through 11:2235, while general provisions applicable to public retirement systems, such as MPERS, are found at La. R.S. 11:141 et seq.
For his attorney fees’ claim, Mr. Dipaola relies on a general provision in La. R.S. 11:264.7, which provides, in pertinent part, as follows:
Is A. A member ... who can demonstrate a personal interest in a retirement system may bring a civil action to *53 enforce the provisions of this Subpart. In any enforcement proceeding the plaintiff may seek ...:
[[Image here]]
(5) A judgment awarding civil damages.
[[Image here]]
C. If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof.
In order for this particular statute to authorize an attorney fees award in this case, it must be shown that Mr. Dipaola brought a civil action to enforce the provisions of the referenced Subpart entitled “Fiduciary and Investment Responsibilities,” and that he prevailed in the civil action, at least in part. There is no case law interpreting the applicability of this particular statute.
The referenced Subpart includes La. R.S. 11:261 through 11:269, governing the fiduciary responsibilities and investments of those who exercise discretionary authority or discretionary control with respect to the asset management of public retirement systems, plans, and funds. See La. R.S. 11:261 and La. R.S. 11:264. In this case, Mr. Dipaola’s petition alleges that MPERS and two of its employees negligently and arbitrarily reduced his retirement benefits and demanded that he return the overpaid amounts, but there is no allegation that MPERS, or any individual associated with MPERS, breached any fiduciary duty related to the investment or management of MPERS’ funds and/or assets.
Our review of the general law applicable to all state retirement systems, including MPERS, reveals that MPERS was actually under a statutory mandate to adjust Mr. Dipaola’s overpaid benefits once the miscalculation error was discovered and MPERS had specific statutory authority to recover the benefit overpay-ments from Mr. Dipaola.[3] See La. R.S. 11:192, providing: “Whenever any state ... or municipal retirement system ... pays any sum of money or benefits to a | r,retiree, ... which is not due them, the board of trustees shall adjust the amount payable to the correct amount, and the board is hereby authorized to recover any overpayment by reducing the corrected benefit such that the overpayment will be repaid within a reasonable number of months.” (Emphasis added.) See also La. R.S. 11:2281, specifically applicable to MPERS, providing: “Should any change or error in the records result in any member ... receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the board of trustees shall correct such error, and as far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member ... was correctly entitled shall be paid.” (Emphasis added). Thus, according to the directive in the statutes, MPERS’ actions in reducing/adjusting Mr. Dipaola’s retirement benefits were mandatory. The referenced statutes require MPERS to adjust any overpaid benefits to the correct amount and grant MPERS the power to recoup any benefit overpayment errors. See La. Atty. Gen. Op. No. 10-0072 (2010).[4]
*54 Further, the record is void of any evidence offered at the hearing on Mr. Dipaola’s motion for attorney fees tending to prove that MPERS wrongfully reduced Mr. Dipaola’s benefits or establishing fault on the part of MPERS.[5] The only evidence touching on liability was an affidavit by the Retirement Administrator for CPERS, which clearly revealed that the miscalculation error was made by CPERS, not MPERS. Since there was no evidence offered to support Mr. Dipaola’s underlying claim against MPERS, the trial' court erred when it opined pthat Mr. Dipaola would have prevailed on the underlying merits against MPERS. Thus, we conclude that the trial court abused its discretion in ordering MPERS to pay attorney fees to Mr. Dipaola. Accordingly, Mr. Dipaola’s claim for attorney fees under the cited statute is without merit, and the judgment must be reversed.
CONCLUSION
For the stated reasons, we reverse the trial court’s judgment awarding attorney fees to Mr. Dipaola, and we consequently deny the relief sought in Mr. Dipaola’s answer to the appeal. Additionally, we deny the motion to seal the appellate briefs and appellate court record. All costs of this appeal are assessed equally between Gasper W. Dipaola, Municipal Police Employees’ Retirement System, and Employees’ Retirement System of the City of Baton Rouge and the Parish of East Baton Rouge.
MOTION TO SEAL BRIEFS AND RECORD DENIED; TRIAL COURT JUDGMENT REVERSED.
WHIPPLE, C.J. concurs for reasons assigned.
McCLENDON, j. concurs for reasons assigned by Chief Judge WHIPPLE.

. We issued an interim order in this case, maintaining sealed portions of the record pursuant to a trial court order regarding the contents of the parties' confidential settlement agreement. See Dipaola v. Municipal Police Employees' Retirement System, 2014-0037 (La.App. 1st Cir. 7/8/14) (unpublished). MPERS filed an unopposed motion ’in this court requesting that the appellate record and briefs be filed under seal as well, due to numerous references to the parties’ settlement agreement and MPERS desire to follow the trial court's order sealing portions of the record. After the parties were ordered to show cause as to why the record and briefs filed in this matter should be placed under seal, no party provided legal authority for the record and briefs to be filed under seal. The Louisiana Supreme Court has recognized that individuals involved in civil litigation may be compelled to produce documents of a confidential nature. Copeland v. Copeland, 2007-0177 (La. 10/16/07), 966 So.2d 1040, 1046. Further, Louisiana has no specific statute providing authority to a court to seal its record of a civil case from public inspection. See In re Kemp, 45,028 (La.App. 2d Cir.3/3/10), 32 So.3d 1050, 1054, writ denied, 2010-0755 (La.6/25/10), 38 So.3d 338; Keko v. Lobrano, 497 So.2d 353, 354 (La.App. 4th Cir.), writ denied, 497 So.2d 1003 (La.1986). Thus, we conclude that there is no valid reason to extend the trial court's order sealing this record or the briefs filed in this matter. Without making any ruling as to the sound discretion of the trial court’s original order sealing portions of the trial court record, we hereby deny the motion to seal the appellate briefs filed in this matter, and we further deny the request to maintain the trial court's order to seal portions of the record.

. Mr. Dipaola also alleged claims against the City of Baton Rouge and Parish of East Baton Rouge (City/Parish); however, those claims are not relevant to this appeal concerning attorney fees.

. The general administration and responsibility for the proper operation of MPERS is vested in a board of trustees pursuant to La. R.S. 11:2225.

. While an Attorney General opinion is merely advisory and not binding authority, we recognize its persuasive authority, particularly where there is no jurisprudence on point. *54 See Conachen v. East Baton Rouge Parish School Bd., 2009-0100 (La.App. 1st Cir. 12/23/09), 30 So.3d 820, 824 n. 4; Trahan v. Lafayette Parish School Bd., 2007-1170 (La.App. 3rd Cir.3/5/08), 978 So.2d 1105, 1109, writ denied, 2008-0651 (La.5/9/08), 980 So.2d 696.

. The settlement agreement was not offered into evidence for the purpose of proving liability at the trial court hearing on the motion for attorney fees. We nevertheless note that pre-trial settlement agreements are generally inadmissible to prove liability. Sumrall v. Bickham, 2003-1252 (La.App. 1st Cir.9/8/04), 887 So.2d 73, 78, writ denied, 2004-2506 (La.1/7/05), 891 So.2d 696; Wells v. Allstate Ins. Co., 510 So.2d 763, 766 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (La.1987).