STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0704

SHANNON MICHELLE SHEPHERD HORD

VERSUS

MATTHEW GARRETT HORD

JUDGMENT RENDERED: ___**FEB 2 1 2020**___

* * * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Number 2006-14439 • Division K

The Honorable Mary Devereaux, Judge Presiding

* * * * * * *

Richard Ducote
Covington, Louisiana

ATTORNEY FOR APPELLANT
PLAINTIFF—Shannon Michelle
Shepherd Hord

Kristen Stanley-Wallace
Amber Sheppard
Slidell, Louisiana

ATTORNEYS FOR APPELLEE
DEFENDANT—Matthew Garrett
Hord

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

In this child custody dispute, Shannon Michelle Shepherd (formerly "Hord") appeals a trial court judgment ordering her to reimburse Matthew G. Hord for the attorney fees and costs associated with her failure to submit an accurate judgment reflecting a stipulation entered into in open court on March 7, 2018. We reverse the judgment of the trial court and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.2.

Ms. Shepherd and Mr. Hord were previously married. During their marriage, the parties had one child, M.L.H. During the pendency of the divorce proceedings and thereafter, M.L.H. has been the subject of child custody litigation. On March 7, 2018, the parties were before the trial court for a hearing on Ms. Shepherd's objection to a hearing officer recommendation. At the hearing, the parties eventually entered into a stipulation on the record wherein they specifically agreed that M.L.H. would undergo a psychological evaluation by Dr. Allen James Klein; however, should Dr. Klein not be available or unable to take the case, the parties agreed that M.L.H. would be evaluated by Dr. Kristen Luscher. Counsel for Ms. Shepherd then volunteered to "submit the order for Dr. Klein."

Counsel for Ms. Shepherd prepared an order providing for the appointment of Dr. Klein; however, the proposed order did not provide for the alternative appointment of Dr. Luscher. Counsel for Mr. Hord objected to the proposed order because it did not provide for the alternative appointment of Dr. Luscher. The proposed order was submitted to the trial court, along with a certification by counsel for Ms. Shepherd that counsel for Mr. Hord objected to the order because it did not include the language concerning the alternative appointment of Dr. Luscher. Counsel for Mr. Hord then prepared an order providing for the appointment of Dr. Klein and the alternative appointment of Dr. Luscher and submitted it to the trial court. Mr. Hord also filed a motion for attorney's fees and

costs, claiming that as a result of counsel for Ms. Shepherd's refusal to submit a judgment or order that accurately reflected the stipulation of the parties, he incurred increased attorney's fees and costs related to: communications between his counsel, counsel for Ms. Shepherd, and the court; ordering the transcript from the March 7, 2018 hearing; drafting and filing of the correct judgment; and drafting and filing the motion for attorney's fees and costs. Therefore, Mr. Hord sought an award of attorney's fees and costs associated with counsel for Ms. Shepherd's failure to submit an accurate judgment from the March 7, 2018 hearing.

The trial court ultimately signed the order prepared by counsel for Mr. Hord on April 9, 2018, and specifically declined to sign the order prepared by counsel for Ms. Shepherd. In addition, after a hearing on July 11, 2018, the trial court signed a judgment on August 22, 2018, ordering Ms. Shepherd to reimburse Mr. Hord attorney's fees and costs in the amount of $1,921.96, which were associated with Ms. Shepherd's failure to submit an accurate judgment reflecting the stipulation entered into the record in open court on March 7, 2018. From this August 22, 2018 judgment, Ms. Shepherd has appealed, arguing that there was no factual or legal basis upon which to award attorney's fees and costs.[1] We agree.

Under Louisiana law, attorney's fees are not allowed except where authorized by statute or by contract. **Dipaola v. Municipal Police Employees Retirement System**, 2014-0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 52, writ denied, 2014-2572 (La. 2/27/15), 159 So.3d 1071. Furthermore, a statute providing for an award of attorney's fees is penal in nature and must be strictly construed. **Molinere v. Lapeyrouse**, 2016-0991 (La. App. 1st Cir. 2/17/17), 214

---

[1] The August 22, 2018 judgment was captioned as an "Order" and Ms. Shepherd initially filed an application for supervisory writs with this Court with regard to this order. However, since this Court determined that the August 22, 2018 order was a final, appealable judgment in accordance with La. C.C.P. art. 1915(A)(6), this Court granted the writ application for the limited purpose of remanding the case to the trial court with instructions to grant Ms. Shepherd an appeal pursuant to the pleading that notified the trial court of her intention to seek writs. **Shannon Michelle Shepherd v. Matthew G. Hord**, 2018-1344 (La. App. 1st Cir. 1/10/19) (*unpublished writ action*).

So.3d 887, 896. Herein, there is no dispute that there is no contractual agreement for attorney's fees. Thus, any award of attorney's fees must have been based on a specific statute providing for such an award.

Under the facts and circumstances of this case, we have not found, nor have we been directed to any provision of law authorizing an award of attorney's fees and costs with regard to the submission of a stipulated judgment. While Mr. Hord maintains that the award of attorney fees was proper pursuant to La. C.C.P. art. 863, we note that by its terms, La. C.C.P. art. 863[2] applies to the signing or

---

[2] Louisiana Code of Civil Procedure article 863 provides:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

certification of "pleadings" and the sanction for the violation thereof. In a civil case, pleadings "shall consist of petitions, exceptions, written motions, and answers." La. C.C.P. art. 852. Applying the rule of strict construction applicable to sanctions under La. C.C.P. art. 863, we find that the submission of a proposed judgment to the trial court—stipulated or otherwise—is not a "pleading" to which La. C.C.P. art. 863 is applicable. As such, we must conclude that the trial court had no statutory basis (or contract) upon which to base an award of attorney's fees and costs.[3] Therefore, we reverse the August 22, 2018 judgment of the trial court.

## CONCLUSION

For all of the above and foregoing reasons, the August 22, 2018 judgment of the trial court is reversed. All costs of this appeal are assessed to the appellee, Matthew M. Hord.

**REVERSED.**

---

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

[3] From the record, it is apparent that counsel for Mr. Hord and the trial court are frustrated with this case and perhaps counsel for Ms. Shepherd. We further recognize that any act or omission tending to obstruct or interfere with the orderly administration of justice or to impair the dignity of the court or respect for its authority may constitute a contempt of court—either direct or constructive—and may be punishable in accordance with law. See La. C.C.P. arts. 221-227; La. R.S. 13:4611. However, since the procedures set forth by law with regard to contempt were not followed in this case (i.e., La. C.C.P. arts. 223 and 225), we decline to address whether La. C.C.P. arts. 221-227 provided the legal basis upon which to award the attorney's fees and costs herein.

5