STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0815

DARYL G. PURPERA, IN HIS OFFICIAL CAPACITY AS
LOUISIANA LEGISLATIVE AUDITOR AND AS CHAIRMAN OF
THE TASK FORCE ON COORDINATION OF MEDICAID FRAUD
DETECTION AND PREVENTION INITIATIVES

VERSUS

KIMBERLY LEWIS ROBINSON, IN HER OFFICIAL CAPACITY AS
SECRETARY, LOUISIANA DEPARTMENT OF REVENUE

Judgment Rendered: **FEB 1 9 2021**

* * * * *

On Appeal from the
19th Judicial District Court
State of Louisiana, Parish of East Baton Rouge
Trial Court No. 682,726

The Honorable Trudy M. White, Judge Presiding

* * * * *

Antonio C. Ferachi
Shone T. Pierre
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee,
Kimberly Lewis Robinson, in her
official capacity as Secretary of the
Department of Revenue, State of
Louisiana


Jenifer Schaye
Angela M. Heath
Baton Rouge, Louisiana

Attorneys for Plaintiff-Appellant,
Daryl G. Purpera, in his official
capacity as Legislative Auditor,
State of Louisiana

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

This appeal challenges a trial court's judgment sustaining various exceptions pled in response to a petition for declaratory judgment. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Daryl G. Purpera, in his official capacity as the Legislative Auditor for the State of Louisiana ("Auditor"), filed a petition for declaratory judgment against defendant, Kimberly Lewis Robinson, in her official capacity as Secretary of the Department of Revenue for the State of Louisiana ("LDR").[1] The Auditor sought a declaratory judgment decreeing that the LDR must assist the Auditor in his financial audit of the Louisiana Department of Health ("LDH"). Specifically, the Auditor sought a declaration that the LDR could provide certain statistical data comparing Medicaid recipients' self-reported income to the LDH in 2017 against the same recipients' self-reported income to the LDR on their 2017 Louisiana tax returns. After initially reporting the number of 2017 Medicaid recipients who filed 2017 Louisiana tax returns to the Auditor, the LDR declined to provide the remainder of the requested information. The LDR claimed that the information sought by the Auditor was confidential and privileged, and not within the scope of any of the statutory exceptions in La. R.S. 47:1508 that would allow the LDR to disclose any information obtained from the LDR's records.

In response to the Auditor's petition, the LDR filed exceptions raising the objections of prematurity, lack of procedural capacity, lack of subject matter jurisdiction, no cause of action, and lack of standing. The LDR asserted that the Auditor was not auditing the LDR. Instead, the auditee was the LDH. Thus, the

---

[1] In the original petition, Mr. Purpera filed in his official capacity as Auditor and as Chairman of the Task Force on Coordination of Medicaid Fraud Detection and Prevention Initiatives. Mr. Purpera later filed a restated and amended petition for declaratory judgment solely in his official capacity as Auditor.

2

LDR maintained that the Auditor had no authority to demand the confidential and privileged tax information from the 2017 Louisiana tax returns of Medicaid recipients and the LDR had no duty to comply with the Auditor's demands. The LDR also argued that there was no justiciable controversy between the parties and that the Auditor was merely requesting answers to theoretical questions. Conversely, the Auditor claimed that the tax information at issue constituted statistical data sets that did not reveal the identification of the taxpayer and, accordingly, the information sought was not confidential, pursuant to La. R.S. 47:1508(B)(2). Following a hearing, the trial court issued a judgment sustaining the LDR's exceptions and declining to exercise jurisdiction "as no justiciable controversy exists until the [Auditor] follows the administrative [subpoena] remedy outlined in La. R.S. 24:513(M)(1)." Therefore, the trial court dismissed the Auditor's petition for declaratory judgment and the Auditor appealed.[2]

## LAW AND ANALYSIS

The Auditor argues that the trial court legally erred in sustaining the LDR's exceptions and in holding that no justiciable controversy exists that would warrant declaratory relief until the Auditor follows the administrative subpoena remedy outlined in the Audit Law. Louisiana Revised Statutes 24:513(M)(1) provides that in the performance of his duties, the "[Auditor] and the chairman of the Legislative Audit Advisory Council ["Chairman"] may jointly issue a subpoena . . . to compel the production of any . . . documents[.]" The next section, La. R.S. 24:513(M)(2), provides that "[i]f a person refuses to obey a subpoena . . ., a judicial district court, upon joint application by the [Auditor] and the [Chairman], may issue to the person

---

[2] The trial court initially issued a defective judgment that resulted in this court's dismissal of the Auditor's first appeal. **Purpera v. Robinson**, 2020-0092 (La. App. 1st Cir. 4/28/20)(unpublished action). In dismissing the first appeal, this court noted that "[o]nce a valid final judgment containing appropriate decretal language is signed, any aggrieved party can then seek review of that judgment." The trial court signed an amended judgment on May 5, 2020, which we find has corrected the defect noted in the dismissal of the judgment at issue in the first appeal.

3

an order requiring him to appear before the court to show cause why he should not be held in contempt for refusal to obey the subpoena." The LDR maintains that the Audit Law clearly and unambiguously specifies a means to accomplish the Auditor's goal of obtaining the desired documents from the LDR. However, because the Auditor did not pursue that remedy and instead, filed a petition for declaratory relief, the LDR submits that there is no justiciable controversy for judicial review. We agree with the LDR that the Auditor lacked standing to bring this action and that there was no justiciable controversy between the parties. Thus, we pretermit discussion of the other exceptions ruled on by the trial court.

Without a doubt, for a court to entertain an action for declaratory relief, there must be a justiciable controversy and the question presented must be real and not theoretical. **American Waste & Pollution Control Co. v. St. Martin Parish Police Jury**, 627 So.2d 158, 162 (La. 1993). The function of a declaratory judgment is to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. **Code v. Department of Public Safety and Corrections**, 2011-1282 (La. App. 1st Cir. 10/24/12), 103 So.3d 1118, 1126-27, writ denied, 2012-2516 (La. 1/23/13), 105 So.3d 59. It is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. **Cat's Meow, Inc. v. City of New Orleans**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. A justiciable controversy involves a dispute where the parties have real adverse interests, and the party seeking the declaratory judgment should have a legally protectable and tangible interest at stake. **Id.** Further, a justiciable controversy for purposes of a declaratory judgment is one involving uncertain or disputed rights in an immediate and genuine situation. **Code**, 103 So.3d at 1127. We review a trial court's decision to grant or deny a declaratory judgment under the abuse of discretion standard of review. **Goodwin v.**

4

**City of Mandeville**, 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 828, writ denied, 2019-01083 (La. 10/8/19), ___ So.3d ___, 2019 WL 5390746.

In this case, the Auditor sent a request for statistical data sets to the LDR in connection with an audit of the LDH, but the LDR did not fully respond to the request. The mere sending of a request for information and a failure to fully respond does not rise to the level of an actual and substantial dispute. If the Auditor were to obtain a legislative subpoena for the production of the LDR's documents and the LDR refused to honor the subpoena because of its concerns of violating laws prohibiting the giving of confidential and privileged tax information, then a real, actual dispute would exist for judicial relief.[3] Furthermore, while the Auditor has broad authority to conduct audits of all public entities and access their records in furtherance of an audit, that authority is only over an "auditee." See La. R.S. 24:513(A)(1)(a).[4]

It is a fundamental principle of statutory interpretation that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. **McLane Southern, Inc. v. Bridges**, 2011-1141 (La. 1/24/12), 84 So.3d 479, 483. A plain reading of the statutory authority of the Auditor indicates that the Auditor does not have a legally protectable interest or right to the LDR's documents and, more significantly, the LDR does not have a legal duty to

---

[3] Louisiana Revised Statutes 47:1508(A)(1) provides that "the records and files of the secretary of the [LDR] . . . are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state."

[4] Louisiana Revised Statutes 24:513(A)(1)(a) gives the Auditor "authority to . . . examine, audit, or review the books and accounts of . . . all . . . departments . . . collectively referred to as the 'auditee.' . . . In addition to the authority granted above, the [Auditor] shall have access to and be permitted to examine all . . . documents . . . of all auditees." Further, the Auditor "shall have authority to examine and audit the books and accounts of the [LDR], . . . including tax returns and tax return information, . . . which the [Auditor], in his discretion, deems necessary for the purpose of making the audit." La. R. S. 24:513.1(A).

5

provide the documents to the Auditor, when the LDR is not being audited. The Auditor relies on an exception to the general rule that tax return information is confidential and privileged, in that the Auditor's document request in this case is classified as statistical data sets that prevent the identification of any tax return. See La. R.S. 1508(B)(2). However, we are not inclined to agree with the Auditor's position, because the Auditor simply may not access confidential tax return information from LDR when conducting an audit *unless* the LDR is the auditee. See La. Atty. Gen. Op. No. 17-0147 (2018), 2018 WL 1020015.[5]

Moreover, this court in **Louisiana Dept. of Ins. ex rel. Donelon v. Theriot**, 2010-0069 (La. App. 1st Cir. 5/3/11), 64 So.3d 854, 859, writ denied, 2011-1139 (La. 9/30/11), 71 So.3d 286, recognized the procedure outlined in the Audit Law providing that the Auditor must first seek its administrative subpoena remedy prior to initiating an action in court. See also **Kyle v. Louisiana Public Service Com'n**, 2003-0584 (La. App. 1st Cir. 4/2/04), 878 So.2d 650, 654. Pursuant to **Donelon**, we have also recognized that the "auditee," not the Auditor, has the right to seek a ruling from the trial court as to whether the documents sought by the Auditor must be submitted. That is because access to information granted to the Auditor is only to include information that is reasonably related to a lawfully performed audit. Until the Auditor issues a subpoena for the requested documents, the Auditor does not have a legally protectable interest. **Donelon**, 64 So.3d at 862. Thus, there is no justiciable controversy, and the trial court did not abuse its discretion in determining

---

[5] While an Attorney General opinion is merely advisory and not binding authority, we recognize its persuasive authority, particularly where there is no jurisprudence on point. **Dipaola v. Municipal Police Employees' Retirement System**, 2014-0037 (La. App. 1st Cir. 9/25/14), 155 So.3d 49, 53 n. 4, writ denied, 2014-2575 (La. 2/27/15), 159 So.3d 1071. We also note that we do not find La. Atty. Gen. Op. No. 19-0030 (2019), 2019 WL 1589772, persuasive on the issue before us today. The Auditor requested that particular Attorney General opinion in connection with this case; however, the Attorney General opinion stated that the LDR was not legally prohibited from disclosing statistical data requested by the Task Force on Coordination of Medicaid Fraud Detection and Prevention Initiative, not the Auditor. The Task Force is no longer a part of this litigation and any discussion surrounding the Task Force is irrelevant.

that the Auditor did not have standing to bring this declaratory action. A trial court may refuse to render a declaratory judgment if such judgment would not terminate the uncertainty or controversy giving rise to the proceeding. **Goodwin**, 277 So.3d at 828. A trial court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based upon a contingency that may or may not arise. **Id.** at 828-29. The issue in this case is purely academic and theoretical since the LDR is not the auditee.

## CONCLUSION

For the stated reasons, we affirm the trial court's amended judgment rendered on May 5, 2020. All costs associated with this appeal, totaling $1,159.50, are assessed against plaintiff-appellant, Daryl G. Purpera, in his official capacity as Legislative Auditor of the State of Louisiana.

**AFFIRMED.**